IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST R. Duane SLAYTON, Attorney at Law.

Supreme Court

*No. 81–1104–D. Filed April 27, 1982.*
(Also reported in 318 N.W.2d 379.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On June 5, 1981, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging four counts of unprofessional conduct against R. Duane Slayton, who was admitted to practice in Wisconsin in October of 1976, and who resides and maintains his practice in Hayward. The first count of the complaint alleged that in October of 1979 the respondent, while representing a client charged with operating a motor vehicle while intoxicated, failed to appear at a scheduled trial and failed to notify the judge, the prosecutor or the court clerk in advance of the trial of his unavailability and failed to offer any satisfactory excuse for not having appeared. The Board alleged that this conduct is in violation of SCR 20.32(3) and SCR 20.35(1)(c). The second count alleged that in February of 1980, the

respondent, representing a client in a divorce action in which child custody was disputed, failed to sign and return a stipulation entered into by the parties regarding custody and failed to acknowledge and respond to numerous letters and telephone calls concerning the matter. It is alleged that this conduct constitutes neglect of a legal matter, in violation of SCR 20.32(3). The third count alleged that in December of 1979, the respondent, who represented the sellers in connection with a real estate transaction in which the purchase was partially financed by a loan from the Bank of Spooner, failed to properly record the deed and mortgage and render an opinion on title to the bank as requested. The respondent had initially requested that the bank prepare and record a partial satisfaction of mortgage in favor of his clients prior to his rendering a final title opinion. The bank ultimately obtained the documents and the abstract to the property from the respondent and delivered them to another attorney for completion of the transaction. The Board alleged that this conduct constitutes neglect of a legal matter, in violation of SCR 20.32(3), and that the respondent's conduct in prejudicing the secured position of the bank and in failing to record the deed and mortgage constitutes misconduct in violation of SCR 20.35(1)(b), (c). The fourth count of the complaint alleged that the respondent failed to timely respond to numerous written and telephone inquiries of the Board and of the district professional responsibility committee in connection with their investigations of these matters. It is alleged that this failure to cooperate with the investigation constitutes misconduct in violation of SCR 22.07(2), (3).

This matter was referred to the Hon. Rodney L. Young as referee pursuant to SCR 21.09(4). The respondent filed an answer to the complaint in which he alleged as follows: (1) that he had agreed by telephone with

the prosecutor that the trial would be adjourned and that his failure to appear was caused by his having to take his wife to the doctor; (2) that during the course of the divorce proceeding he had orally approved the terms of the stipulation prior to its execution by the parties and that his signature on the stipulation was superfluous; (3) that he was never informed of the filing of the partial satisfaction, which he considered to be a condition precedent to his representing the bank; (4) that he did not fail to timely respond to the investigatory inquiries.

A hearing was held on September 18, 1981, at which time the second count of the complaint was dismissed on the Board's motion, and the referee filed his report and recommendation with the court on November 13, 1981. The referee found that the respondent never gave a reasonable explanation or excuse for not appearing at the trial of his client and that the prosecutor did not support his contention that the respondent had requested an adjournment or that the prosecutor had agreed to make the request for him. The referee also found that the trial was adjourned after the court made a record censuring the respondent for his conduct in the representation of his client. As to the third count, the referee found that the respondent had unreasonably withheld from record the bank's mortgage and the buyer's deed for a period of five months. Concerning the respondent's failure to timely respond to the investigatory inquiries, the referee found that the respondent had a serious communication problem within his office arrangement, which resulted in frequent failure to receive telephone messages and mail. The referee also found that the respondent was very careless about responding to inquiries from the Board and from the district professional responsibility committee and that, although he eventually responded, it was only after repeated requests had been made.

The referee concluded that the respondent's conduct set forth in the first count violated SCR 20.32(3) and SCR 20.35(1)(b), that his failure to properly record the deed and mortgage and render an opinion on title to the bank or, in the alternative, to return all papers to the bank and withdraw from the matter constituted gross neglect of a legal matter, in violation of SCR 20.32(3) and that his conduct in prejudicing the secured position of the bank and in failing to record the deed and mortgage constituted a violation of SCR 20.35 (1)(b), (c), and that his failure to timely respond to the inquiries of the Board and the local committee constituted misconduct in violation of SCR 22.07(2), (3). The referee recommended that the respondent be publicly reprimanded for unprofessional conduct and that he pay the amount of $1,000 toward the costs of the proceeding within 60 days to the Board of Attorneys Professional Responsibility.

On December 4, 1981, the respondent filed a notice of appeal from the referee's report, and he received an extension of time in which to file his brief and appendix. On February 10, 1982, the court issued an order stating that the brief which the respondent filed was not acceptable and gave the respondent 10 days to file a brief and appendix in compliance with sec. (Rule) 809.19(1), (2), (8) and (9), Stats. The appellant failed to do so within the time specified, and an order issued from the court on March 8, 1982, requiring the appellant to show cause in writing within 10 days of the date of the order why the appeal in the matter should not be dismissed. The respondent did not comply with this order, and, therefore, the appeal in this matter is hereby dismissed.

We adopt the findings, conclusions and, with slight modification, the recommendation of the referee in this disciplinary proceeding.

It is ordered that R. Duane Slayton is publicly reprimanded for his unprofessional conduct.

It is further ordered that R. Duane Slayton pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,437.66 within 60 days of the date of this order provided that if payment is not made within the time specified, the license of R. Duane Slayton to practice law in Wisconsin shall be revoked forthwith.

CECI, J., took no part.